IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Derrick Smith,

Plaintiff,

v.

Drivetime Car Sales Company, Liza N., Jennifer LNU, Unknown Supervisor,

Defendants.

Case No. 3:26-cv-00333-JDA

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to proceed in forma pauperis ("IFP"), a Report and Recommendation ("Report") of the Magistrate Judge, Plaintiff's objections, Plaintiff's motion for default judgment, and Plaintiff's motion for leave to file objections out of time and a corrected IFP form.[1] [Docs. 2; 5; 8; 9]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

Plaintiff filed this action pro se. [Doc. 1.] He alleges that on December 4, 2025, he attempted to purchase a vehicle from Defendants and was told that he would need to possess a driver's license to do so. [*Id.* at 4.] Plaintiff alleges he demanded Defendants provide South Carolina constitutional law but no such law was identified. [*Id.*] Plaintiff alleges violations of his First, Fifth, Eighth, and Ninth Amendment rights. [*Id*. at 3.]

[1] Plaintiff filed a motion entitled "Plaintiff motion for default judgment and to proceed on federal constitutional claims" [Doc. 8], which the Court construes both as a motion for default judgment and as objections to the Report. [*See id.* at 5 (specifically asking the Court to "[r]eject the [M]agistrate[Judge's] recommended dismissal" and allow the action to proceed).]

On February 9, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Court summarily dismiss this case for lack of subject matter jurisdiction. [Doc. 5.] Although the Magistrate Judge failed to advise Plaintiff of the procedures and requirements for filing objections to the Report, Plaintiff nonetheless submitted objections to the Report [Doc. 8], as the Court has already noted.

As stated, Plaintiff's objections also include a motion for default judgment. [*Id.*] On March 26, 2026, the Clerk also docketed Plaintiff's motion for leave to file objections to the Report out of time and a corrected IFP form. [Doc. 9.] In that filing, Plaintiff objected to the Report's recommendation to dismiss his case for lack of subject matter jurisdiction. [*Id.*]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

In his objections, Plaintiff argues that the Court has federal question jurisdiction and "that Defendants, although private actors, acted under color of state law" by accepting his collateral, consideration, and instructions for their own benefit; denying his lawful requests and property rights; exercising dominion over his equitable interest through state-enabled procedures, statutes and enforcement mechanisms; and utilizing authority derived from state process to deprive him of constitutional rights.[2] [Doc. 8 at 2–3; *see also* Doc. 9 at 2.] In support of his argument, Plaintiff cites *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 940 (1982). [Doc. 8 at 3; *see also* Doc. 9 at 2.]

The Court is unpersuaded. *Lugar* involved garnishment and prejudgment attachment procedures where officers of the state acted jointly with a creditor in securing the property in dispute. *Lugar*, 457 U.S. at 924–25, 933. There are no such allegations of garnishment, attachment, or other joint action with state actors in this case. [*See generally* Doc. 1.] Plaintiff merely contends that he was denied the opportunity to purchase a car because he did not have a valid driver's license and that Defendants failed to direct him to state constitutional law to support this requirement. These allegations do not transform this case from private action to state action. *See, e.g.*, *Byers v. City of Richmond,* 746 F. Supp. 3d 275, 316 (E.D. Va. 2024) (explaining that state action may be found where the totality of the circumstances reveals that Defendants' private actions had a "sufficiently close nexus with the state such as to be fairly treated as those of the state itself" (cleaned up)). Accordingly, Plaintiff's objections are overruled and this action is dismissed for lack of subject matter jurisdiction.

---

[2] The Court notes that none of the actions identified by Plaintiff in support of federal question jurisdiction are alleged in his Complaint.

Because the Court has considered and rejected Plaintiff's argument that this Court possesses subject matter jurisdiction over his case, Plaintiff's motion for leave to file objections out of time and a corrected IFP form is granted to the extent the Court considers the objections but otherwise found as moot. Additionally, because the Court lacks jurisdiction, Plaintiff's motion for default judgment is also found as moot. *See Geddis-Wright v. Am. Honda Motor Co.*, 801 F. Supp. 3d 573, 578 (D.S.C. 2025) (ruling that because the action was dismissed for lack of subject matter jurisdiction, the defendant's motion to dismiss for failure to state a claim was necessarily deemed as moot); *Fernandez v. Groundworks Operations, LLC*, No. DCN-21-2209, 2023 WL 1110942, at *3 (D.S.C. Jan. 30, 2023) ("Since the court lacks jurisdiction, it lacks the power to decide the [pending] motions . . . and thus it finds those motions moot.").

In sum, in light of Plaintiff's objections, the Court has reviewed de novo the record in this case, the applicable law, and the Report of the Magistrate Judge. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge as modified by this Order and incorporates it by reference to the extent consistent with this Order. Accordingly, this action is DISMISSED without prejudice for lack of subject matter jurisdiction. Additionally, Plaintiff's motion to proceed IFP [Doc. 2] is FOUND AS MOOT; motion for default judgment [Doc. 8] is FOUND AS MOOT; and motion for leave to file objections out of time and a corrected IFP form [Doc. 9] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

s/ Jacquelyn D. Austin
United States District Judge

September 30, 2026
Columbia, South Carolina